THOMAS EGER AND ROBIN P. EGER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eger v. Commissioner
Docket No. 26494-83.
United States Tax Court
T.C. Memo 1984-325; 1984 Tax Ct. Memo LEXIS 346; 48 T.C.M. (CCH) 368; T.C.M. (RIA) 84325; June 26, 1984. Robert S. Fink, for the petitioners. Victoria Wilson and Fred T. Goldberg, Jr., for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This is another case in which the parties have filed cross motions challenging this Court's jurisdiction. Respondent moves for dismissal on the ground that the petition *347 was not filed within 90 days of the date on which the notice of deficiency was mailed as required by section 6213(a). [1] Petitioners move for summary judgment on the ground that the notice of deficiency was not mailed to their "last known address" as authorized by section 6212(b)(1) and that the notice was not, therefore, valid. Because the petition was not timely filed, the case must be dismissed; the issue is the ground for the dismissal. . Petitioners filed a joint Federal income tax return for 1979 showing their address as Hook Road RFD 3, Bedford, New York 10506 (hereinafter the Bedford address). Using that address, respondent sent a letter to petitioners on February 9, 1983, requesting them to extend the limitations period for the assessment of a deficiency for 1979. The post office returned the letter with the Bedford address crossed off and with the address "67-66 108th Street, Forest Hills, New York 11375" (the Forest Hills address) written on the envelope. On June 13, 1983, the Brooklyn District *348 Director's office sent duplicate original notices of deficiency by certified mail to petitioners, one to the Bedford address and one to the Forest Hills address. These addresses were the only ones shown in the administrative file in the Internal Revenue Service (IRS) Brooklyn office with respect to petitioner's 1979 return. On July 5, 1983, the notice sent to the Bedford address was returned to the IRS Brooklyn office; the Bedford address was crossed off and the Forest Hills address was written on the envelope. On July 5, 1983, the notice sent to the Forest Hills address was returned unclaimed, without any forwarding address noted on the envelope. On July 7, 1983, the Brooklyn office remailed the notice by regular mail to the Forest Hills address. Petitioners received this notice on some date before August 12, 1983, and mailed it to their accountant, Sidney Eisenberg. Eisenberg requested the assistance of an attorney, Martin Oliner (Oliner), in drafting a petition. The record includes a copy of a letter dated August 12, 1983, from Oliner to the accountant transmitting a draft petition and suggesting that paragraphs C and D thereof be amplified. The record also includes a letter *349 dated August 16, 1983, from the accountant to Oliner stating that paragraphs C and D had been completed and requesting Oliner to file the petition. Oliner did not file an entry of appearance; the petition is signed only by petitioners. On September 12, 1983, the 90th day after the certified mailing of the notice, the petition was delivered to a private carrier, Federal Express, for transmittal to the Tax Court, and on September 13, 1983, the 91st day after such certified mailing, the petition was received by, and was filed with, the Tax Court. Section 6212(a) provides that, if the Secretary determines a deficiency, he is authorized to send notice thereof by registered or certified mail. Under section 6212(b)(1), a notice "shall be sufficient" if "mailed to the taxpayer at his last known address." Section 6213(a) requires, with one exception not relevant here, that a taxpayer file a petition for redetermination with this Court within 90 days of the date of the mailing of the notice. This requirement is jurisdictional. , affg. per curiam a Memorandum Opinion of this Court; . *350 Because the petition was not filed within the 90-day period prescribed by section 6213(a), the Court lacks jurisdiction. Petitioners do not challenge that conclusion but, as we have indicated, contend that the notice of deficiency was invalid because it was not mailed to their "last known address" within the meaning of section 6212(b)(1). Petitioners contend that the notice should have been mailed to 69 Oneck Road, West Hampton, New York (Oneck Road address), where, they argue, the Collection Division of the Manhattan District had contacted them and had sent them correspondence with respect to another tax year. Petitioners add: Assuming arguendo that Respondent failed to take note of Petitioners' Oneck address it cannot be denied that both the Brooklyn and Manhattan District Offices were at least aware of the fact that Petitioners no longer resided at either the Bedford address or the Forest Hills address. * * * A taxpayer's "last known address" is that address to which, in the light of all the surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice to be sent. , *351 affg. a Memorandum Opinion of this Court; ; . In other words, the focus is on the Commissioner's knowledge rather than upon what may have been the address where the taxpayer actually lived. It must appear that respondent exercised reasonable care and diligence in the selection of an address for mailing the notice of deficiency. See ; ; , affd. per unpublished opinion . There is no requirement that the taxpayer actually receive the notice of deficiency in order to trigger the running of the 90-day period for filing a petition. , affd. per curiam . The record here shows that petitioners made a series of address changes after they filed their 1979 return which carried the Bedford address and that they did *352 not notify the IRS of any of the changes. In May 1981, they sold their Bedford residence and moved to the Forest Hills address, and filed their 1980 return showing that address. Although they no longer lived at the Bedford address, they filed their 1981 return showing that address. In the spring of 1982, petitioners separated; Thomas moved first to Remsenberg, and in the fall of 1982, to an apartment on Montauk Highway, West Hampton, and Robin moved to her parent's home in Little Neck, New York. Petitioners were living at these respective addresses on June 13, 1983, when the notices of deficiency were mailed. Sometime after June 13, 1983, near the end of June, petitioners reconciled and moved to the Oneck Road address. During this entire period of moving about, and beginning as early as 1976 or 1977 petitioners kept the Forest Hills address and a telephone connection there as a convenience for Thomas when he needed to be in New York City early in the morning for business reasons, although they did apparently sublet the apartment during part of that period. Petitioner's argument that the Oneck Road address should have been used is without merit. The testimony is quite clear, *353 as we have stated above, that on June 13, 1983, when the notice was mailed, neither petitioner had lived or received mail at that address. Thomas lived at 23 Montauk Highway in West Hampton and Robin was living in Little Neck with her parents. They did not move to the Oneck Road address until after the notices of deficiency were mailed. [2] Obviously, the IRS had no reason to know of the Oneck Road address on the date, June 13, 1983, the notice was mailed. As to petitioners' alternative position, that respondent was aware of the fact that petitioners no longer resided at either the Bedford or the Forest Hills address, it is true that *354 the Manhattan Collection Office wrote to petitioner at the Oneck Road address about a delinquency for another year, but not until August 15, 1983, over 2 months after the notices of deficiency were mailed. There is testimony that the collection officers tracted Thomas to his Remsenberg address and later to the Oneck Road address and, consequently, may have known that he was not living at either the Bedford or Forest Hills address when the notice was mailed. But there is no evidence even to suggest that such information was conveyed to the office handling the audit of his 1979 return. [3] Moreover, the Remsenberg address was only a temporary one and there is no evidence to suggest that Thomas would have wanted a notice of deficiency mailed to that address. Cf. . The statute does not place upon the IRS the "duty and responsibility of finding out before mailing a deficiency notice whether the last known address * * * [as stated on the return] was a proper address, or whether or not a taxpayer was still at some temporary address of uncertain duration * * *." . *355 The IRS mailed the duplicate notices, we again emphasize, to the only addresses shown in the administrative file on petitioners' 1979 return. [4]
*356 Petitioners actually received the notice after it was remailed by regular mail to the Forest Hills address, where, petitioners admit, they then maintained a mailing address and a telephone connection. Petitioners' lawyer and their accountant both had completed their work on the petition by August 16, 1983, nearly 30 days prior to the expiration of the 90-day period. At that point, the accountant instructed the attorney to file the petition. Accordingly, the evidence is clear that petitioners had actual notice of the deficiency determination in the form of the notice transmitted by regular mail, and that they had plenty of time within which to file a petition. Thus, they were not prejudiced by any failure by the IRS to send the notice of deficiency to an address where it would have been received more promptly. See e.g., , on appeal (9th Cir. 10-21-83); , affg. ; . Respondent's motion to dismiss will be granted. Petitioner's motion for *357 summary judgment will be denied. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner Thomas Eger testified: Q: On June 13th, 1983, where were you living? A: On Montauk Highway--23 Montauk Highway, West Hampton, New York. Petitioner Robin Eger went to live with her parents in Little Neck, New York, when she and Thomas separated; she testified: Q: On June 13th, 1983, where were you living? A: The date again, please. Q: June 13th, 1983. A: In Little Neck. She also testified: Q: And when was it that you moved into the Oneck Road address? A: Maybe June 28th, the end of June sometime.↩
3. In , the Court said: Zolla argues that the IRS had notice of a change of address because, before the notices of deficiency were mailed, an agent in the collection division of the same district office discovered a more recent address (LaPeer Street) while attempting to collect an unrelated tax liability. The collection agent filed a notice of tax lien showing the LaPeer Street address. We adopt the view of the Tax Court that such information gained by a collection should not necessarily be imputed to the audit agents who mailed the notices of deficiency. . Because a notice of deficiency is invalid if not properly addressed, and because the statute of limitations will often bar the IRS from later issuing a correct notice if the first is invalid, the IRS must have clear guidance as to what information it must examine in determining a taxpayer's last known address. If we required agents mailing notices of deficiency to take into account address information acquired by agents in different divisions in the course of unrelated investigations, the IRS could ensure that notices were validly addressed only by systematically recording in a central file all address information acquired in any fashion. We decline to require the IRS to do that. * * * [Fn. ref. omitted.] Petitioner's effort to distinguish Zolla↩ and the cited case, , are not convincing.
4. In , affd. per unpublished opinion , the Court said: The relevant inquiry pertains to the Commissioner's knowledge rather than to what may in fact be the taxpayer's most current address in use. Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed as to his proper address. * * * And while the Commissioner is bound to exercise reasonable diligence in ascertaining the taxpayer's correct address * * *, he is entitled to treat the address appearing on a taxpayer's return as the last known in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address. * * * [Citations omitted.] See also ; .↩